IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE D. MOORE,

        Plaintiff,                   1:05 CV 1009 LJO WMW   P

   vs.                                 FINDINGS AND RECOMMENDATION

D. SNELL, et al.,

        Defendants.

       Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendant correctional officials employed by the Department of Corrections at Avenal State Prison.  This action proceeds against Defendants D. Snell and R. Wicks on Plaintiff's claims of excessive force and denial of medical care.  Pending before the court is defendants' motion to dismiss.  Plaintiff has opposed the motion.

       This lawsuit arises from a disturbance that occurred on October 22, 2004.  Plaintiff alleges that the facility was put on lock down while interviews were being conducted.  On October 28, 2004, Defendant Correctional Officer Snell attempted to interview Plaintiff.  Plaintiff refused to be interviewed.  Plaintiff alleges that the following occurred:

> At that time C/O D. Snell ordered me to put my hands behind my back.  While putting my hands behind my back C/O D. Snell

1

>became aggressive with how he was applying the restraints. The
>restraints were improperly applied to the point that the circulation
>in my right wrist was being cut off. I asked C/O D. Snell would he
>please readjust the restraints. C/O D. Snell continued to apply the
>restraints improperly while stating that he could care less. I then
>began to prosume to lay down in a non-agressive position face
>down on the ground. While in this position C/O D. Snell jumped
>on to my back and applied unwarranted use of force that resulted in
>my left elbow right wrist being cut severely and bleeding.

Plaintiff was then escorted to the Program Office. Plaintiff alleges that Defendant Sergeant Wick denied Plaintiff's request for medical care, and directed that Plaintiff be moved out of his housing unit and into the gym in order to hide Plaintiff's injuries.

Defendants seek to dismiss on the ground that Plaintiff has failed to exhaust his available administrative remedies, pursuant to 42 U.S. C. § 1997e(a). The Civil Rights Act under which this action was filed provides:

>Every person who, under color of [state law]  . . . subjects, or
>causes to be subjected, any citizen of the United States. . . to the
>deprivation of any rights, privileges, or immunities secured by the
>Constitution. . . shall be liable to the party injured in an action at
>law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 7 of The Prison Litigation Reform Act was amended to read as follows:

>(a) APPLICABILITY OF ADMINISTRATIVE REMEDIES. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In <u>Booth v. Churner</u>,532 U.S. 731 (2001). The Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." <u>Id</u>. at 1821. In order to bring his claim in federal court, plaintiff must completely exhaust his available administrative remedies.

In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level. The third formal level constitutes the Director's decision on appeal. Cal. Code Regs. Tit. 15, § 3084.5(e)(2).

In support of their motion, defendants submit the declaration of N. Grannis, Chief of the Inmate Appeals Branch of the CDCR in Sacramento. N. Grannis declares the following:

> The Inmate Appeals Branch (IAB) provides the third and final level of administrative review on appeals filed by inmates and parolees of the State of California.
>
> All inmate appeals submitted for Director's level review are logged into a computer database. This computer database tracks all properly filed inmate appeals received, which are then accepted by the IAB and adjudicated at the Director's level.
>
> When an inmate submits a request for a Director's Level decision that does not comply with the regulations governing the appeals process, IAB will "screen out" (i.e. reject) the request and return it to the inmate with a letter stating the deficiency. IAB maintains records of appeals that were screened out, was well as the reason for the rejection. The reasons that IAB will reject an appeal have been codified.
>
> I am familiar with the record keeping system at the IAB and am able to verify the status of a California inmate's third-level administrative appeal.
>
> At the request of the Office of the Attorney General, I performed a thorough search of my records and files to determine whether Inmate Moore (E-27661) filed an appeal regarding his claim that Defendant Snell used excessive force and Defendant Wick failed to provide proper medical care on October 28, 2004. A search of IAB's records reveals that on May 19, 2005, inmate Moore submitted an appeal for Director's level review (grievance number ASP-04-02600), which was screened out that same day for missing documentation. A true and correct copy of the screen out report pertaining to Moore is attached hereto as Exhibit "A."

Grannis Decl., ¶¶ 3-7.

3

1   In his opposition, Plaintiff contends that he has exhausted his administrative remedies.
2   Referring to the missing documentation, Plaintiff states that "it is not Plaintiff's fault, if the
3   administration lost, misplace, or destroyed said documentation 1858 once it reached Chief
4   Inmate Appeals Branch."  Plaintiff also refers to ASP-M-05-00333.  Page 4 of Plaintiff's
5   Exhibit C is a copy of the first level response to grievance number ASP-M-05-00333.  Plaintiff
6   submits no evidence that grievance number ASP-M-05-00333 was submitted to Director's level
7   of review.  Page 3 of Plaintiff's Exhibit C is a copy of the screen out report attached as
8   Defendants' Exhibit A.  This Exhibit indicates that no appeal was received at the Director's
9   level for grievance number ASP-M-05-00333.

10   Regarding grievance number ASP-04-02600, Plaintiff does not offer any evidence that he
11  submitted the grievance with the required documentation.  Plaintiff offers no evidence to support
12  his conclusory allegation that "the administration lost, misplace, or destroyed said
13  documentation."  The evidence submitted by Defendants indicates that the appeal was screened
14  out for missing documentation.  Plaintiff offers no evidence to the contrary.

15   "[P]roper exhaustion of administrative remedies is necessary" and the exhaustion
16  requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . .
17  appeal."  Woodford v. Ngo, 548 U. S.  81, 85 (2006).  "Proper exhaustion demands compliance
18  with an agency's deadlines and other critical procedural rules . . . ."  Id. at 89.  The Woodford
19  court was clear that "administrative law requires proper exhaustion of administrative remedies,
20  which means using all steps that the agency holds out, and doing so properly, so that the agency
21  addresses the issues on the merits."  Id. at 88.  Plaintiff has offered no evidence that he complied
22  with all of the procedural requirements for filing his administrative grievance at the final,
23  Director's level of review.  Defendants' motion should therefore be granted.

24   Accordingly, IT IS HEREBY RECOMMENDED that the motion to dismiss be granted,
25  and this action be dismissed for Plaintiff's failure to exhaust his available administrative
26

remedies prior to filing suit.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 28, 2008**                              **/s/  William M. Wunderlich**
                                                                                             UNITED STATES MAGISTRATE JUDGE